UNITED STATES of America, Plaintiff–Appellee,

v.

Mark A. ORANTEZ, Defendant–Appellant.

No. 07–10351.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2008.*

Filed June 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Laura Fashing, Esq., U.S. Attorney's Office, Albuquerque, NM, for Plaintiff–Appellee.

Richard Madril, Esq., Tucson, AZ, for Defendant–Appellant.

Before: WALLACE and GRABER, Circuit Judges, and EZRA,** District Judge.

## MEMORANDUM ***

Defendant Mark A. Orantez appeals his conviction for conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846, and his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He argues that insufficient evidence supported the two convictions. Reviewing de novo, and viewing the evidence in the light most favorable to the government, *United States v. Mann*, 389 F.3d 869, 874, 878 (9th Cir.2004), we affirm the first conviction, reverse the second conviction, and remand for resentencing.

1. Sufficient evidence supported the drug conspiracy conviction. *See United States v. Barragan*, 263 F.3d 919, 922 (9th Cir.2001) ("To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense." (internal quotation marks omitted)). Among other things: Police officers arrested Defendant and one co-conspirator in a house that contained almost 500 pounds of marijuana. During police surveillance the day before, officers observed Defendant and his coconspirators engaged in "counter surveillance" techniques involving two vehicles. Telephone records showed that, in the weeks preceding Defendant's arrest, hundreds of telephone calls were made among telephones owned or identified with the co-conspirators, including Defendant's prepaid cell phone. *See United States v. Lennick*, 18 F.3d 814, 818 (9th Cir.1994) ("[A]n agreement may be inferred from the defendant's acts or from other circumstantial evidence[.]").

2. By contrast, with respect to possession of a firearm, the government introduced insufficient evidence that Defendant or his co-conspirators possessed the firearm. *See* 18 U.S.C. § 924(c)(1)(A) (requiring, among other things, possession); *United States v. Ruiz*, 462 F.3d

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1082, 1088 (9th Cir.2006) (holding that proof of possession by a co-conspirator could suffice to uphold a conviction). Our conclusion is compelled by the decision in *Ruiz.* As in that case, no evidence links Defendant or his co-conspirators to the firearm. *Ruiz,* 462 F.3d at 1088–89. The government introduced evidence that the firearm was found in the house where Defendant and one co-conspirator were arrested, but there was no additional evidence linking the firearm to Defendant or to any of the co-conspirators. *See id.* at 1089 ("[T]he argument that 'somebody must have possessed the weapons because they were there' is insufficient evidence of control or intent to control the weapons by one or more identified individuals."). The government makes no effort to distinguish *Ruiz.*

AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.